**United States District Court**
**Eastern District of Michigan**
**Southern Division**

United States of America,                          Criminal No. 19-CR-20382

                  Plaintiff,                          Honorable Gershwin A. Drain

v.

D-1 Warren Yass,

                  Defendant.

_____/

## Government's Sentencing Memorandum

### I.      Introduction

Defendant Warren Yass ("Yass") pleaded guilty to a single-count Information charging him with Conspiracy to Possess with Intent to Distribute and Distribution of more than 500 grams of methamphetamine.  Additionally, Agents seized and forfeited approximately $ 24,000.00 Dollars of proceeds from the sale of these drugs when they arrested Yass.  Without physical presence in this district, Yass was able to import pounds of methamphetamine, and did so with the assistance of unwitting individuals, such as employees of the postal service.  This serious conduct requires a significant sentence.  The parties agree that the properly calculated guideline range is 70-87 months.  However, Pursuant to the Rule 11 plea agreement and Fed. R. Crim. P. 11(c)(1)(B), the government is requesting a sentence of 66 months.

1

## II.    Facts

Throughout the conspiracy, Yass lived in California.  From there, using the mail, he could ship methamphetamine anywhere in the country.  This layer of anonymity made him that much more difficult to identify.  Eventually, Homeland Security Agents were able to communicate directly with Yass.   Agents were aware that Yass had sent methamphetamine to Michigan previously, and conducted controlled purchases of additional drugs to identify where it was coming from, and confirm the identity of Yass.

### a.  July 17, 2018 controlled purchase.

An HSI agent, acting in an undercover capacity, spoke with Yass for an extended period on July 13, 2018.  At the conclusion of the call, Yass texted the UC his address to send funds.  The methamphetamine was sent from Yass to a location in Michigan, and the methamphetamine was recovered.  The package contained 59.89 grams of methamphetamine, and the drugs came hidden within candy wrappers.

 

**b. August 21, 2018 controlled purchase.**

On August 16, 2018, the UC and Yass spoke again, this time attempting to exchange 1 pound of methamphetamine for $ 5000.00 Dollars. Money orders were used and submitted to the same address as the first purchase in July, and Yass again sent the methamphetamine.  Lab reports confirmed the substances sent in July and August were in fact methamphetamine.  Moreover, the pound of methamphetamine was sent in a similar manner, using candy wrappers to conceal the drugs within the packaging.





[Pictured above: A total of 443.08 grams of a white substance was lab tested upon receipt.  Lab tests confirmed the substance was methamphetamine].

### c.  Execution of the search warrant and the arrest of Yass.

On December 12, 2018, arrested agents executed a search warrant at a residence in West Hollywood, California, where Yass lived.  Agents also searched his car. Agents found pounds of methamphetamine and UPS packaging in the car.  The subsequent search of the residence discovered evidence to corroborate what Yass told investigators in his post arrest statement.  That he had "20 to 30 customers buying from him on a daily basis, and others bought from him monthly."  (PSR ¶ 12).  Ledgers recovered from the apartment corroborate the fact that this was not a one off, or occasional side business.  The distribution of Methamphetamine was his full time occupation, and his apartment was his hub.



In addition to ledgers, agents recovered pounds of methamphetamine, multiple other types of drugs, and approximately $24,000.00 Dollars contained within a safe.





III.   **Advisory Sentencing Guidelines and other 3553(A) factors**

Congress has provided, through 18 U.S.C. § 3553(a), the relevant objectives and factors to be considered by sentencing courts in imposing a "sentence sufficient, but not greater than necessary." Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation, and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution. The most relevant factors are evaluated below.

**A. The Advisory Sentencing Guidelines**

The advisory Guidelines remain an important factor in sentencing. "[I]t is fair to assume that the Guidelines . . . reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *United States v. Rita*, 551 U.S. 338, 345 (2007). A district court should begin sentencing proceedings by correctly calculating the guidelines. *United States v. Gall*, 128 S. Ct. 586, 596 (2007).

The parties agreed in the Rule 11 that Yass's guideline range was 70-87 months – based on a total offense level of 27 and a criminal history category I. (Rule 11, pg. 3).  The probation department found the same total offense level, and an

7

identical guideline range.  (PSR ¶ 66).  The parties agreed in the Rule 11 to request that, pursuant to Fed. R. Crim. P. 11(c)(1)(B), the court impose a sentence not to exceed 66 months.  (Rule 11, pg. 5).  Reasons for this request will be presented to the Court at or before sentencing.

### B. Nature and circumstances of the offense, and the history and characteristics of the offender, 18 U.S.C. § 3553(a)(1)

Yass admits he sold drugs.  Yass did it to make money.  (PSR ¶ 12). This is supported by the evidence of his unexplained cash. See, e.g., *United States v. Quintero*, 117 F.3d 1421 (6th Cir. 1997) ("In light of the fact that [defendant] was jobless, the source of his unexplained wealth bore directly on whether he was trafficking in drugs."); United States v. *Jackson-Randolph*, 282 F.3d 369, 378 (6th Cir. 2002) ("evidence of unexplained wealth is probative . . . of a defendant's involvement in drug trafficking").  It was no surprise then that upon arrest and execution of a search warrant; approximately $24,000.00 Dollars was recovered and eventually forfeited.

### C. Seriousness of the offense, promoting respect for law, and providing just punishment, 18 USC § 3553(a)(2)(A)

The significant impact on this community from methamphetamine and opiate distribution are well established.  At sentencing, district courts have "emphasized the devastating impact of methamphetamine addiction" in places throughout the Midwest.  *See United States v. Johnson,* 680 F. App'x 451, 454 (6th Cir. 2017)

(affirming sentences and noting the district court identified the impact of methamphetamine addiction and deterrence as aspects of the sentencing in Kentucky).

Yass had the ability to move pounds of high-grade methamphetamine on call. Using the mail, Yass could send methamphetamine across the country within days, and be available to users within a week. The sentence requested by the government is one that reflects the seriousness of the offense and the consequences of the offense in this circuit.

### D. Adequate deterrence and protecting the public from further crimes of the defendant, §3553(a)(2)(B) and (C)

This factor includes two components—specific deterrence and general deterrence. Specific deterrence looks to dissuade an individual defendant from committing future crimes, while general deterrence aims to have the same effect on "the population at large." *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010).

The sentence requested by the government achieves both general and specific deterrence. General deterrence is achieved by a sentence near the guideline range for the offense, in this case, a sentence of 66 months. This reinforces the notion that similarly situated people, regardless of jurisdiction or location of offense, are treated the same. This is particularly relevant here, where an individual in California was able to easily import large sums of methamphetamine via the mail service. This type

9

of conduct has broader concerns which support general deterrence, because in the scheme at issue in this case, so many individuals handle the controlled substances unwittingly.  These individuals include postal carriers, employees at post offices, or individuals who sign for parcels.  Crimes that, by design, bring unwitting individuals into the offense must be deterred.

Specific deterrence is also supported by the sentence recommended by the government.  In addition to the custodial sentence imposed in this case, this Court should impose supervised release terms consistent with an individual who has demonstrated the substance abuse history of Yass.  This, in addition to a term of incarceration, will provide significant deterrence from Yass engaging in similar crimes in the future.

## IV.    Conclusion

The government recommends that the Court impose a sentence of 66 months.

Matthew Schneider
United States Attorney

*s/ Robert Jerome White*
ROBERT JEROME WHITE
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9620
Robert.White@usdoj.gov

Dated:   December 20, 2019

## Certificate of Service

I hereby certify that on December 20, 2019, I electronically filed the foregoing document with the Clerk of the Court and will provide a copy of such filing to the attorney of record, Allison Kriger.

*s/ Robert Jerome White*
ROBERT JEROME WHITE
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9620
Robert.White@usdoj.gov